UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CULLEN M. HANKERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS et al.<br><br>    Defendant. | CASE NO. C13-5182 BHS-JRC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECUSE THE WASHINGTON STATE ATTORNEY GENERAL'S OFFICE |

    The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

    Plaintiff asks the Court to recuse all employees of the Washington State Attorney General's Office from this case (ECF No. 15). Defendants removed this action from state court (ECF No. 1). Plaintiff named the former Washington State Attorney General, Rob McKenna, as

1  a defendant. *See*, (ECF No. 1, attached complaint). Plaintiff also names "Atty. General of

2  Washington et. al." as defendants. *Id*.

3       Plaintiff alleges that when he was transferred from county jail to the Washington State

4  Department of Corrections he was not allowed to bring his legal materials with him. Plaintiff

5  alleges that the denial of his legal material deprived him of his right to file a direct appeal or

6  personal restraint petition in his criminal cases and has also caused him to lose a civil case

7  involving loss of property. Plaintiff attributes a denial of access to courts to "a policy placed [sic]

8  and/or due to a failure to train staff on policy by Bernie Warner (Sec. of D.O.C.), Rob McKenna

9  (Atty. Gen of Wa)." (ECF No. 1, attached complaint). This is the only claim against anyone from

10 the Attorney General's Office in the complaint (ECF No. 1, attached complaint).

11      Plaintiff asks that the Attorney General's office be recused from the action based on a

12 "potential conflict of interest" (ECF No. 15). The Court finds that three Washington State Rules

13 of Professional Conduct apply. Those rules are 1.7, 1.9, and 1.11. The Court notes that

14 Washington State Rules of Professional Conduct 1.10 does not apply by its own terms. *See*

15 Washington State Rules of Professional Conduct 1.10(d)(stating 1.11 applies to government

16 lawyers).

17      Washington State Rules of Professional Conduct 1.11(d) provides that Washington State

18 Rules of Professional Conduct 1.7 and 1.9 apply to a lawyer serving as a public officer or

19 employee. The Court has examined 1.7 and 1.9. Nothing in Washington State Rules of

20 Professional Conduct 1.7 or 1.9 prohibits an Assistant Attorney General from representing the

21 defendants in this action.

22      Washington State Rules of Professional Conduct 1.11(d)(2)(i) and (ii) apply to

23 government lawyers and would control in this case. Section 2(i) would only apply if the attorney

24

ORDER DENYING PLAINTIFF'S MOTION TO
RECUSE THE WASHINGTON STATE
ATTORNEY GENERAL'S OFFICE - 2

had personally participated in a matter while in private practice and subsequently became involved in representing the government. Section 2(ii) only addresses a public lawyer participating in an action while negotiating for subsequent employment. Neither section prevents the Washington State Attorney General's Office from participating in this action.

    Plaintiff fails to show that there is any proper ground for his motion. The Attorney General and his or her assistants have the legal duty to provide legal services to state agencies and their officers and employees working in their official capacity. RCW 43.10.030(3); RCW 43.10.060. The Court DENIES plaintiff's motion.

    Dated this 29th day of April, 2013.

*[signature]*

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION TO
RECUSE THE WASHINGTON STATE
ATTORNEY GENERAL'S OFFICE - 3