UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CULLEN M. HANKERSON,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C13-5182 BHS-JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATIONS |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 37), Plaintiff Cullen M. Hankerson's ("Hankerson") objections to the R&R (Dkt. 39 ), and the Department of Corrections' ("Department") response to Hankerson's objections (Dkt. 48).  The Court has considered the R&R, Hankerson's objections, the Department's response, and the remaining record, and hereby adopts the R&R denying Hankerson's motion for injunctive relief.

ORDER - 1

# I. PROCEDURAL BACKGROUND

In this action, Hankerson claims Defendants violated his First and Fourteenth Amendment rights including his right of access to courts. Dkt. 1-2 at 13. Hankerson alleges that when he was transferred from county jail to the Washington Correction Center he was not allowed to bring with him all the legal work he wished to bring. *Id*. Hankerson also alleges that there has been a failure to train staff in handling legal papers. *Id*. Hankerson further states that he has filed multiple actions concerning the issue of his legal papers. *Id*. at 18 (motion to show cause to re-file complaint).

On March 26, 2013, Hankerson filed a motion for injunctive relief, asking the Court to enter an order preventing his transfer from Stafford Creek Correction Center to another facility. Dkt. 23. Judge Creatura recommended that Hankerson's motion be denied, as Hankerson failed to meet the standard for a grant of injunctive relief. Dkt. 37. On May 15, 2013, Hankerson filed objections to Judge Creatura's R&R. Dkt. 39. On May 5, 2013, the Department filed a response to Hankerson's objections. Dkt. 48.

# II. DISCUSSION

**A.  Standard of Review**

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

### B. Standard for Injunctive Relief

A party seeking injunctive relief must fulfill one of two standards—the "traditional" or the "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

*Id.* (citations omitted).

### C. Applicability to This Case

In neither Hankerson's motion for injunctive relief nor in his objections does he demonstrate that he is entitled to injunctive relief. In fact, as the Department observes, Hankerson's objections fail to substantively address the findings of fact and law in Judge Creatura's R&R. Dkt. 48 at 1.

As Judge Creatura found, the Court also finds that Hankerson has not met his burden of demonstrating that he is entitled to injunctive relief because he failed to show his transfer was imminent. Additionally, the Department has the discretion to transfer an inmate. *See, e.g., Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (inmates have no right to stay at a given facility or at any specific custody level). Further, Hankerson failed to show that transfer would cause him irreparable harm. Moreover, he also failed to show that he could not take the legal work with him upon transfer to another facility or that medical care would not be available at the transfer facility. Finally, neither public policy

1 nor a balancing of the hardships favors limiting prison officials' discretion by granting
2 the requested injunction.

3                             **III.  CONCLUSION**

4      Therefore, it is hereby **ORDERED** that the R&R is **ADOPTED** for the reasons
5 stated herein.  This case is **RE-REFERRED** to Judge Creatura for consideration of the
6 pending cross-summary judgment and any related motions on Hankerson's other claims.
7      Dated this 12th day of August, 2013.

8
9                                    _____
10                                    BENJAMIN H. SETTLE
                                      United States District Judge
11
12
13
14
15
16
17
18
19
20
21
22